## I. S. Q. Cooper v. The State.

No. 2655. Decided October 22, 1913.

1.—Bigamy—Insanity—Evidence—Reproduction of Testimony.

 Upon trial of bigamy, there was no error in excluding a certified copy of the evidence adduced on the trial of the insanity proceeding against defendant, it not appearing that said witnesses who testified in said trial were dead or beyond the jurisdiction of the court.

2.—Same—Evidence—Marriage—Oral Testimony.

 Upon trial of bigamy, there was no error in permitting the State to prove the marriage of defendant to the two women by the oral testimony of those present at the time of the marriage ceremony; besides, there were no bills of exception.

3.—Same—Practice on Appeal.

 In the absence of bills of exception to the introduction or rejection of testimony and complaints in the motion for new trial of the charge of the court, the same can not be considered on appeal.

Appeal from the District Court of Madison. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of bigamy; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of bigamy, and his punishment assessed at three years confinement in the penitentiary.

The record discloses that appellant was married to Lavinia Murchison in Rusk County, Texas, on June 16, 1905. That thereafter he was married to E. T. Wheaton on the 14th day of August, 1911, in Madison County, Texas. Both wives were living at the date of this trial, and appellant had never been divorced from his first wife at the date of his second marriage. His defense was, first, insanity, and, secondly, the church of which he was a member did not recognize the legality of his first marriage to Lavinia Murchison as she was a member of a different church, and was a divorced woman at the time he married her. Appellant was a minister of the gospel, and in his testimony details at length why he did not consider his first marriage as binding on him.

Appellant introduced on his plea of insanity the judgment of the County Court of Denton County, entered on the 9th of October, 1909, adjudging him insane. He also desired to introduce a certified copy of the evidence adduced on the insanity trial in 1909. This the court would not permit him to do, and he complains of this action of the court in his motion for a new trial, although no bill of exceptions was reserved at the time. Had a bill been preserved, it would not avail appellant. The witnesses who testified at the insanity trial are not shown to be dead, beyond the jurisdiction of the court, nor any reason given why their attendance could not be secured on this trial.

There was no error in permitting the State to prove the marriage of appellant to these two women by the oral testimony of those who were present at the time the marriage ceremony was performed, but if this were not true, no bill of exceptions was reserved to the action of the court in permitting this fact to be so proven.

In the motion for a new trial there is no complaint of the charge of the court; no exceptions were reserved to the introduction or rejection of testimony; the evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*